**SAO**
ROBERT A. MASSI, ESQ.
Nevada Bar No. 2397
KRISTIE L. REBER, ESQ.
Nevada Bar No. 011693
ROBERT A. MASSI, LTD.
11201 S. Eastern Avenue, Suite #100
Henderson, Nevada 89052
Telephone: (702) 870-1100
Facsimile:   (702) 870-0196
robertmassiltd@hotmail.com
kreber@bobmassi.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

MONICA SANCHEZ and ISMAEL
SANCHEZ, individually as husband and
wife,

            Plaintiff,

vs.

CHUGACH MCKINLEY, INC.; STANLEY
ACCESS TECHNOLOGIES, LLC.;
WACKENHUT SERVICE,
INCORPORATED;  DOES I through V;
ROE CORPORATIONS I through V; and
ROE COMPANIES I through V, inclusive,

            Defendants

CHUGACH MCKINLEY, INC.,

            Third Party Plaintiff,

vs.

BESAM US INC. d/b/a/BESAM
ENTRANCE SOLUTIONS, d/b/a
SOUTHERN NEAVADA DOORS; DOES
VI through X; ROE CORPORATIONS VI
through X, inclusive,

            Third Party Defendants.

CASE NO. 2:10-cv-00975-RLH-RJJ

**STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION**

**STIPULATED PROTECTIVE ORDER**

**REGARDING CONFIDENTIAL INFORMATION**

**IT IS HEREBY STIPULATED** by and between the parties, through their respective undersigned counsel, that:

1.      This Protective Order shall apply to any information, document, thing, or testimony that is subject to discovery, production, inspection, and/or reproduction in this action, and which is deemed or designated, pursuant to the following provisions, as containing confidential information (hereinafter "Confidential Materials") and is owned or controlled by a party, or is owned or controlled by a third party, who elects or is ordered to provide discovery, production, inspection, and/or reproduction in this action (hereinafter "Producing Party"), under the terms and conditions of this Protective Order.  As used herein, any references to "party" and "third party" refer to and mean, unless otherwise specified, a natural person, any form of business organization, any government or non-governmental agency of any nature or type, and includes the party's or third party's employees, directors, shareholders, independent contractors, agents, representatives, attorneys, accountants, and all persons acting or purporting to act on their behalf.  "Confidential Materials" shall include, without limitation, information and documents produced pursuant to F.R.C.P. 26, testimony adduced at depositions upon oral examination pursuant to F.R.C.P. 30, written responses to depositions by written questions pursuant to F.R.C.P. 31, written responses to interrogatories pursuant to F.R.C.P. 33, documents produced pursuant to F.R.C.P. 34, answers to requests for admission pursuant to F.R.C.P. 36, and testimony, documents, und things provided pursuant to F.R.C.P. 45.  "Confidential Materials" shall also include all information, documents, and things relating in any way to the substance of the foregoing, including but not limited to copies, summaries, or abstracts of the foregoing.

. . .

. . .

. . .

. . .

1        2.      Without prejudice to the right of a party to object to the production of the

2  following information, or of a party to seek production, the information subject to

3  designation as "Confidential Materials" shall include Plaintiffs':

4           (a)     Social security number;

5           (b)     Financial data;

6           (c)     Date of birth;

7           (d)     Home address;

8           (e)     Any information considered classified or subject to federal security

9  clearance;

10         (f)     Any other sensitive personal or financial information contained in

11  Plaintiffs' employment files that is not publicly available.

12        3.      Confidential Materials shall be treated by each party receiving such

13  Confidential Materials ("Receiving Party") as confidential unless and until this Court rules

14  to the contrary, and/or Plaintiffs agree otherwise.  However, nothing in this Protective Order

15  shall prevent or restrict counsel for any party in any way from inspecting, reviewing, or

16  using, any discovery material produced or provided by that party, including discovery

17  material designated as confidential.

18        4.      The parties agree that Confidential Materials will not be used for any purpose

19  other than the litigation of this action ("Litigation"), including any appeals of this Litigation,

20  without prior written approval from the Court or the prior written consent of Plaintiffs.  No

21  person shall divulge information subject to this Protective Order to the public or shall give

22  information subject to this Protective Order to any person not entitled under this Protective

23  Order to receive it.

24  . . .

25  . . .

26  . . .

27  . . .

28  . . .

1       5.      This Protective Order shall not enlarge or affect the proper scope of

2    discovery in this or any other litigation, nor shall this Protective Order imply that

3    Confidential Materials are properly discoverable, relevant or admissible in this or any other

4    litigation.  Each party reserves the right to object to any disclosure of information or

5    production of any documents on any other ground it may deem appropriate.  Nothing in this

6    Protective Order shall require disclosure of material that counsel for a party or a third party

7    contends is protected from disclosure by the attorney-client privilege, the attorney work-

8    product immunity, or any other privilege.  This shall not preclude any party from moving the

9    Court for an order directing the disclosure of such material.

10       6.      The Receiving Party and all persons given access to Confidential Materials in

11    accordance with the terms of this Protective Order consent to the continuing jurisdiction of

12    the Court for the purposes of enforcing this Protective Order and remedying any violations

13    thereof.

14       7.      Confidential Materials shall not be disclosed to anyone other than the

15    following categories of persons:

16          (a)     The Court (and any appellate court), including court personnel, jurors,

17    and alternate jurors, only in the manner provided in paragraph 9 below;

18          (b)     The named parties to this Litigation, and the attorneys in this

19    Litigation, including the paralegal, clerical, secretarial, and other staff employed or retained

20    by such counsel;

21          (c)     Court reporters (including persons operating video recording

22    equipment at depositions) and persons preparing transcripts of testimony to the extent

23    necessary to prepare such transcripts;

24          (d)     Retained experts, advisors, consultants, and special masters, including

25    persons directly employed by such experts, advisors, consultants, and special masters

26    (collectively, "Experts") but only to the extent necessary to perform their work in connection

27    with this Litigation;

28    . . .

1           (e)      The person who authored the Confidential Materials or who received

2 such Confidential Materials in the ordinary course of business; and

3           (f)      Such persons as the undersigned counsel shall consent to in writing

4 before the proposed disclosure.

5      8.      All parties and their respective counsel, and the paralegals, employees, and

6 assistants of such counsel receiving Confidential Materials shall take all steps reasonably

7 necessary to prevent the disclosure of Confidential Materials other than in accordance with

8 the terms of this Protective Order.  In the event of a change in counsel, retiring counsel shall

9 fully instruct new counsel of their responsibilities under this Protective Order.

10     9.      Any Confidential Materials that are filed with the Court, and any pleading,

11 motion, or other paper filed with the Court containing or disclosing any such Confidential

12 Materials shall be filed under seal and shall bear the legend:

13

14 **THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION
COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS**

15 **SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER.
THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE**

16 **DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.**

17

18 Said Confidential Materials shall be kept under seal until further order of the Court;

19 however, said Confidential Materials filed under seal shall be available to the Court and

20 counsel of record, and to all other persons entitled to receive the Confidential Materials

21 under the terms of this Protective Order.

22     10.     Disclosure of Confidential Materials other than in accordance with the terms

23 of this Protective Order may subject the disclosing person to such sanctions and remedies as

24 the Court may deem appropriate, including, without limitation, contempt and injunctive

25 relief.

26     11.     The entry of this Protective Order shall be without prejudice to the rights of

27 the parties, or anyone of them, or of any non-party to assert or apply for additional or

28 different protection.

12. The terms of this Protective Order shall survive and remain in effect after the termination of this Litigation. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Materials, through inadvertence or otherwise, after the conclusion of this Litigation.

13. If the Receiving Party or its counsel or expert is served with a subpoena or other process by any court, administrative or legislative body, or any other person or organization which calls for production of any Confidential Materials produced by another party, the party to whom the subpoena or other process is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until ten (10) business days after notifying counsel for the Producing Party in writing of all of the following: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction, and index, docket, complaint, charge, civil action, or other identification number or other designation identifying the litigation, administrative proceeding, or other proceeding in which the subpoena has been issued.

14. This Protective Order does not restrict or limit the use of Confidential Materials at any hearing or trial, which is expected to be the subject of a further protective order and/or appropriate court orders. Prior to any hearing or trial at which the use of Confidential Materials is anticipated, the parties shall meet and confer regarding the use of the Confidential Materials. If the parties cannot agree, the parties shall request the Court to rule on such procedures.

15. This Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein by motion to the Court with reasonable notice to the parties, including seeking and obtaining additional protection or the subsequent elimination of protection with respect to the confidentiality of any document or discovery response upon an appropriate showing.

1    16.    This protective order is intended only to prevent the dissemination of the

2  Confidential Materials, and nothing in this protective order shall be construed to prevent the

3  parties from using the Confidential Materials for pre-trial preparation and/or at trial.

4    DATED this 17th day of November, 2010.

5    ROBERT A. MASSI, LTD.

6

7

8    By:  /s/ Robert A. Massi_____

9    ROBERT A. MASSI, ESQ.
     Nevada Bar No. 2397

10   ROBERT A. MASSI, LTD.
     11201 S. Eastern Avenue, Suite #100

11   Henderson, Nevada 89052
     *Attorneys for Plaintiffs*

12

13   DATED this 17th  day of November, 2010.

14   THORNDAL ARMSTRONG DELK
     BALKENBUSH & EISENGER

15

16

17   By:  _/s/ Craig Delk_____

18   CRAIG R. DELK, ESQ.
     Nevada Bar No. 2295

19   1100 Bridger Avenue (89101)
     Las Vegas, Nevada 89125-2070

20   *Attorney for Defendant WACKENHUT*

21   *SERVICE, INCORPORATED*

22   DATED this _____ day of November, 2010.

23   OLSON, CANNON, GORMLEY &
     DESRUISSEAUX

24

25

26   By:  __/s/George Lyles_____

27   GEORGE LYLES, ESQ.
     Nevada Bar No. 309

28   9950 W. Cheyenne Avenue
     Las Vegas, Nevada 89129
     *Attorneys for Defendant STANLEY*
     *ACCESS TECHNOLOGIES, LLC*

1        DATED this _____ day of November, 2010.

2                                                           WOLFENZON SCHULMAN & ROLLE

3

4

5                                                By:   ___/s/ Daniel J. Reed_____
                                                       DANIEL J. REED, ESQ.
6                                                      Nevada Bar No. 11249
                                                       6725 Via Austi Parkway , Ste #260
7                                                      Las Vegas, Nevada 89119
                                                       *Attorneys for Defendant*
8                                                      *CHUGACH MCKINLEY, INC.*

9

10

11                              **ORDER**

                                          DECEMBER
12      **IT IS SO ORDERED** on this _7TH_ day of ~~November~~ 2010.

13

14

15

16      _____
        **UNITED STATES MAGISTRATE JUDGE**

17      Respectfully submitted by:

18
        ROBERT A. MASSI, LTD.
19

20

21

22      By: _____
        ROBERT A. MASSI, ESQ.
23      Nevada Bar No. 2397
        KRISTIE L. REBER, ESQ.
24      Nevada Bar No. 11693
        11201 South Eastern Ave., Ste. 100
25      Henderson, Nevada 89052
26      *Attorney for Plaintiffs*

27

28