# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MONICA SANCHEZ and ISMAEL SANCHEZ, individually and as husband and wife,<br><br>                Plaintiffs,<br><br>   vs.<br><br>CHUGACH MCKINLEY, INC.; STANLEY ACCESS TECHNOLOGIES, LLC.; WACKENHUT SERVICE, INCORPORATED; BESAM US, INC. D/b/a BESAM ENTRANCE SOLUTIONS d/b/a SOUTHERN NEVADA DOORS; VEGAS VALLEY LOCKING SYSTEMS, INC,; DOES I through V; and ROE COMPANIES I through V, inclusive,<br><br>                Defendants.<br>_____<br>CHUGACH MCKINLEY, INC.,<br><br>                Third Party Plaintiff,<br><br>   vs.<br><br>BESAM US, INC. D/b/a BESAM ENTRANCE SOLUTIONS d/b/a SOUTHERN NEVADA DOORS; DOES VI through X; ROE CORPORATIONS VI through X, inclusive,<br><br>                Third Party Defendants.<br>_____ | Case No.: 2:10-cv-00975-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#71;<br>Motion to Remand–#78) |

AO 72
(Rev. 8/82)

Before the Court is Defendant Besam US, Inc.'s ("Besam") **Motion to Dismiss** (#71, filed Feb. 14, 2011) based on a failure to state a claim due to the statute of limitations. The Court has also considered Plaintiffs Monica and Ismael Sanchez' Opposition (#79, filed Feb. 28, 2011), and Besam's Reply (#80, filed Mar. 10, 2011).

Also before the Court is the Sanchez' **Motion to Remand** (#78, filed Feb. 28, 2011) due to a lack of diversity jurisdiction. No Defendant filed a response directly to this motion.

### BACKGROUND

This dispute arises out of an incident that occurred in early May 2008. The alleged facts are simple: Monica was leaving work through automatic doors when an aluminum shroud attached to the door fell from over her and struck her in the head. The impact of the shroud caused her serious, physical injuries.

The Sanchezes filed this suit in May 2010, in the Eighth Judicial District Court for the State of Nevada. The then-named Defendants subsequently removed to this Court based on diversity jurisdiction. During the course of discovery, the Sanchezes discovered and added two new parties that had allegedly participated in the installation or maintenance of the shroud that fell on Monica. First, they discovered and added Besam, and later they discovered and added Vegas Valley Locking Systems ("Vegas Valley"). (Dkt. #42, Second Am. Compl.; Dkt. #65, Third Am. Compl.) The Sanchezes amended their complaint both times by stipulation and with approval of the Court. By stipulating to allow the addition of Vegas Valley, Defendants stipulated to the addition of a non-diverse party to this case. For the reasons discussed below, the Court grants the Sanchez's motion to remand and denies Besam's motion to dismiss as moot.

### DISCUSSION

**I.      Motion to Remand**

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the [s]tate court." When this situation arises, the court has the

AO 72
(Rev. 8/82)

option to "(1) deem the party 'indispensable' and dismiss the case; (2) deem the party not indispensable and continue its jurisdiction over the lawsuit without joinder; or (3) allow joinder and remand the case to state court." *Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir. 1993). First, the Court has already allowed Plaintiffs to amend their complaint and add Vegas Valley as a party. (Dkt. #63, Order on Stipulation.) Since the Court allowed the amendment, Vegas Valley is a party to this case. Further, if the Court were to reconsider the grant of leave to amend, it appears to the court that since Vegas Valley is the actual party that allegedly installed the device that caused the alleged injuries, it is a necessary or "indispensable" party to the litigation. Accordingly, pursuant to the requirements of § 1447(e), the Court grants the motion and remands this case to state court.

## II.     Motion to Dismiss

As the Court has determined that it lacks subject matter jurisdiction due to the addition of a non-diverse defendant, the Court denies Besam's motion to dismiss as moot. Besam may, of course, bring a similar motion in state court if the Nevada Rules of Civil Procedure allow for it.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (#78) is GRANTED. The Clerk of the Court is directed to remand this case back to the state court from which it originated

IT IS FURTHER ORDERED that Besam's Motion to Dismiss (#71) is DENIED as moot.

Dated: July 29, 2011.

_____
**ROGER L. HUNT
United States District Judge**